UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                Plaintiff,        Civil Action No. 14-12883
                                          Honorable Lawrence P. Zatkoff
                                          Magistrate Judge David R. Grand

v.

DANIEL HEYNS, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. #4)

**I.    REPORT**

    **A.    Background**

On July 23, 2014, Plaintiff Michael Kitchen ("Plaintiff"), a prisoner confined by the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint against nearly twenty defendants. (Doc. #1). In his complaint, Plaintiff asserted a wide range of claims, including alleged confiscation of property, sexual harassment, and the filing of false misconduct charges against him, all purportedly in retaliation for complaints he made about and/or grievances he filed against MDOC employees. (*Id.*). On August 14, 2014, Plaintiff filed a Motion for Preliminary Injunction, seeking an order requiring Defendants to retain and not destroy certain of his personal property items and legal papers, which allegedly were confiscated on February 3, 2014, and March 31, 2014. (Doc. #4). Pursuant to this Court's Order (Doc. #13), Defendants filed a response to this motion on September 30, 2014. (Doc. #16). Plaintiff filed a reply (captioned "Plaintiff's Motion in Response to Defendants' Response & for Clarification") on October 10, 2014. (Doc. #21).

In their response to Plaintiff's motion, Defendants focus on the fact that Plaintiff filed an amended complaint on July 28, 2014, while his motion for preliminary injunction remained pending.[1] (Doc. #6). According to Defendants, Plaintiff's "amended complaint is much different from the original complaint, which is now null and void." (Doc. #16 at 2). Specifically, Defendants assert:

> The amended complaint continues to name as defendants Director Daniel Heyns, Deputy Director Thomas Finco, and Warden Catherine Bauman. The amended complaint adds Officer K. Hill. These are now the only four defendants in this action. The amended complaint also significantly changes the scope of Plaintiff's action. The relevant time period in the amended complaint is July of 2014. Plaintiff challenges the Segregation Incentive Program (SIP) and claims that Defendant Hill retaliated against him. The requested relief in the amended complaint is much different than the relief that had been sought in the now-superseded original complaint. In short, this is now a very different case.

(*Id.* at 2-3 (internal citations omitted)). Defendants then argue that Plaintiff's motion for preliminary injunction should be denied because the requested injunctive relief (i.e., an order regarding the property that allegedly was confiscated in February and March 2014) goes beyond the scope of the claims in his amended complaint. (*Id.* at 5). In other words, Defendants assert that because Plaintiff's amended compliant "makes no claims related to the relief that Plaintiff seeks in his motion for injunctive relief … [his] amended complaint has effectively made his motion for injunctive relief moot." (*Id.*).

**B. Analysis**

*1. Effect of Plaintiff's Amended Complaint*

Defendants are correct that, as a matter of general principle, "Once an amended

---

[1] To be precise, on July 28, 2014, Plaintiff filed a pleading entitled "Plaintiff's Motion & Brief to Add to or Amend Complaint Before Process," along with an "Amended Complaint for Declaratory & Injunctive Relief." (Doc. #3). However, this Court denied Plaintiff's motion for leave to amend as moot because leave of court was not necessary. (Doc. #8). Consequently, Plaintiff's amended complaint was deemed filed as of July 28, 2014. (*Id.*).

complaint is filed, the 'prior complaint is a nullity, because an amended complaint supersedes all prior complaints.'" (*Id.* at 2 (quoting *B&H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008))). However, the Sixth Circuit has also recognized that if "the party submitting the pleading clearly intended the latter pleading to supplement, rather than supersede, the original pleading, some or all of the original pleading can be incorporated in the amended pleading." *Clark v. Johnston*, 413 F. App'x 804, 811-12 (6th Cir. 2011). This is particularly true where the plaintiff is proceeding *pro se* and, therefore, the court is counseled to read his allegations indulgently. *See Cooper v. Edlund*, 2006 WL 2086008, at *2, n.2 (W.D. Mich. July 25, 2006).

In this case, it is clear that Plaintiff intended his amended complaint to supplement – rather than replace – his original complaint. In his motion for leave to amend, which specifically requests permission to "add to or amend complaint," Plaintiff repeatedly indicates a desire to <u>add to</u> the allegations in his original complaint, not replace them entirely. (Doc. #3). Indeed, Plaintiff explains in his motion that where retired attorney Reynolds Brander had previously agreed to assist him with the filing of his original complaint, and in order to promptly bring subsequent events to the Court's attention:

> … Plaintiff decided instead to draft & mail to the Court an Amended Complaint & **have it added to the Original Complaint** rather than contact Mr. Brander with the new allegations, redraft the complaint, & then ask Mr. Brander to recopy the entire complaint & mail that to the Court …. So, Plaintiff has decided to take on the extra burden himself to **add new allegations to the Original Complaint**.
>
> **Having the allegations in the Amended Complaint added to the Original Complaint by separate pleadings** will not prejudice the defendants in any way ….

(*Id.* at 2-3 (emphasis added)). Here, then, where Plaintiff's amended complaint was clearly meant to supplement his original complaint, rather than replace it, the Court deems the

3

allegations and defendants in both versions of the complaint to be part of the amended complaint in this action. *See Hurick v. Berhuis*, 2013 WL 3014139, at *1 (W.D. Mich. June 17, 2013). For these reasons, Plaintiff's motion for preliminary injunction should not be denied merely because the requested injunctive relief goes beyond the scope of the claims in his amended complaint, as Defendants assert. Rather, the Court must analyze the appropriateness of preliminary injunctive relief in light of the generally applicable legal principles.

2. *Entitlement to Injunctive Relief*

Plaintiff carries a heavy burden to demonstrate entitlement to a preliminary injunction.[2] Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, the Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.'" To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have "'additional reason to accord deference to the appropriate prison authorities.'" (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)).

In deciding whether to grant injunctive relief, a court considers four factors: (1) whether

---

[2] Indeed, the Sixth Circuit has said that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) whether issuance of the preliminary injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the injunction. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his §1983 action. *See NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). For purposes of the instant motion, Plaintiff's key claims are that Defendants Stasewich, Seymour, and Eubanks confiscated his personal property items (including clothing, a fan, a toothbrush, a clock, a radio, and hangers), as well as his "legal papers," in retaliation for complaints he made and/or grievances he filed at multiple MDOC facilities. (Doc. #1). In order to succeed on a claim for First Amendment retaliation, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the protected conduct and the adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, if Defendants can show that they would have taken the same action in the absence of the protected activity, Plaintiff's claim fails. *Id.* at 399.

With respect to his personal property[3] (clothing, toothbrush, etc.), while Plaintiff alleges that these items were confiscated in retaliation for complaints and/or grievances he pursued against prison officials (Doc. #1 at 9-14), he has offered no *evidence* of a causal link between the

---

[3] Plaintiff's allegations regarding the confiscation of his legal papers are discussed separately, *infra*, at 6-7.

voicing of complaints or the filing of grievances, on the one hand, and the confiscation of these items, on the other. Moreover, even if Plaintiff could establish causation, statements contained within (and documents attached to) Plaintiff's own pleadings make clear that Defendants had a legitimate penological interest in confiscating the personal property items at issue, which were found to constitute contraband after administrative hearings. (Doc. #1 at 9-14; Doc. #4 at 3-4, 17, 24-25). Thus, with respect to the confiscation of his personal property items, Plaintiff has not established a likelihood of success on a claim for First Amendment retaliation.

Given that Plaintiff has not shown a likelihood of success on the merits of this claim, the Court discusses the other injunction factors only briefly. *See Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("a finding that there is simply no likelihood of success on the merits is usually fatal"). With respect to the second factor, Plaintiff has not established that he has suffered irreparable injury. Indeed, if in fact it is later determined that Defendants violated Plaintiff's constitutional rights in confiscating the personal property items at issue, money damages will adequately compensate for the loss of these items. Lastly, both the third and fourth factors weigh against granting a preliminary injunction. Courts have held that, in the context of a motion affecting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. *See Brown v. Unknown Johns*, 2007 WL 851859, at *2 (W.D. Mich. Mar. 20, 2007). Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. Thus, the public welfare militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See id.* (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing simply has not been made in this case, and, as a result, issuance of a preliminary injunction requiring Defendants to retain and not destroy

Plaintiff's personal property items is unwarranted.

With respect to Plaintiff's legal papers, the analysis is slightly different. Plaintiff claims that the prison where he is being held confiscated his "criminal case file" which contain "notes, records, & other materials that are needed [for him and his attorney to adequately defend his state criminal action]," documents "proving that the sentencing guidelines were not compiled & prepared in Plaintiff's criminal case, & they are needed to challenge the criminal sentence." (Doc. #4 at 4-5; Kitchen aff. at ¶18 (providing a detailed list of pleadings, motions, orders, opinions, letters, affidavits, transcripts, etc., all of which seem clearly to constitute "legal papers")). According to Plaintiff, "[p]rison officials have not given [him] any reason or explanation describing why the legal papers have been confiscated, nor [has he] been given a hearing allowing me a chance to challenge the deprivation." (Kitchen aff. at ¶19).

Although Plaintiff has come forward with no substantial evidence of a causal link between the complaints and/or grievances he pursued against prison officials and the confiscation of these materials, there also is no indication – at least at this stage of the proceedings – that Defendants had or have a legitimate penological interest in their confiscation. This is due in no small part to the fact that Defendants did not respond to Plaintiff's motion for preliminary injunction on the merits, choosing instead to advocate a hypertechnical reading of Plaintiff's amended complaint. Defendants have offered the Court no basis to conclude that their confiscation of Plaintiff's legal papers was warranted by policy or otherwise, nor have they argued that such confiscation is not causing Plaintiff irreparable injury. Moreover, given Plaintiff's detailed description of the confiscated legal papers, and his asserted need for them in pursuing relief in criminal matters against him, the Court finds that he has shown he would suffer irreparable harm if he is wrongly deprived of those materials.

For these reasons, the Court recommends entering an injunction directing Defendants to return to Plaintiff any legal materials confiscated from him. (*See* Kitchen aff. at ¶18).

## II. RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (**Doc. #4**) be **GRANTED IN PART** and **DENIED IN PART**. **IT IS FURTHER RECOMMENDED** that Defendants be ordered to return to Plaintiff all legal materials confiscated from him.

Dated: October 21, 2014           s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record

and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2014.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager