UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                Plaintiff,          Civil Action No. 14-12883
                                    Honorable Lawrence P. Zatkoff
                                      Magistrate Judge David R. Grand

v.

DANIEL HEYNS, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [30]

On July 23, 2014, Plaintiff Michael Kitchen ("Plaintiff"), an inmate at the Alger Maximum Correctional Facility, filed his *pro se* civil rights complaint against numerous Michigan Department of Corrections ("MDOC") officials. (Doc. #1). In short, Kitchen challenges the confiscation of certain of his property, his transfer to another prison facility, and the MDOC's adoption and use of a Segregation Incentive Program ("SIP"). (Docs. #1, 6). In total, he has named 20 individuals as Defendants in this action. Kitchen paid the filing fee required to commence this action and did not request assistance serving his complaint. (7/28/14 dkt. entry). On July 28, 2014, Kitchen filed an amended complaint (Doc. #6) which, under the particular circumstances described in this Court's prior Report and Recommendation, it has found supplements, rather than supplants, his original complaint. (Doc. #24 at 2-4).[1]

Presently before the Court is Kitchen's Motion for Default Judgment against all Defendants. (Doc. #30). Kitchen claims that a default judgment is appropriate because he "served all the Defendants with Summons and Complaint" and none of them filed an answer

_____

[1] Defendants' objection to this finding remains pending. (Doc. #26).

within 21 days as he claims they were required to do.  (*Id.*).

Even assuming that Kitchen properly served the Defendants,[2] he would not be entitled to a default judgment.  Kitchen's motion for default judgment ignores that this case is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, and that under that statute a prison official sued by an inmate is not required to file a response to the inmate's complaint unless ordered to do so by the Court.  The relevant section of the PLRA provides as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g).  As the Eastern District of Michigan has previously held, "While the Court 'may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits,' until such time as this happens, none of the defendants in this matter are obligated to answer the complaint."  *Boling v. Corrections Medical Service*, 2007 WL 2515222, at *1 (E.D. Mich. Aug. 31, 2007) (internal citations omitted).  Thus, because Defendants were not directed by the Court to reply to Kitchen's complaint, they had no obligation to do so, and the fact that none of them has yet filed such an answer does not subject them to entry of a default judgment.  42 U.S.C. §1997e(g)(2).

---

[2] Kitchen filed certificates of service for the Defendants, indicating that he served them by providing copies of his complaint (and, later, his amended complaint) to his Prison Counselor and/or Assistant Resident Unit Supervisor "to be placed in institutional mailbox" (for each of the Defendants who work at his present facility) and/or to be placed in the regular U.S. Mail (for each of the Defendants who do not work at his present facility).  (Docs. #11, 12, 14).

For the reasons stated above, **IT IS RECOMMENDED** that Kitchen's Motion for Default Judgment (Doc. #30) be **DENIED**.

Dated: November 18, 2014 s/David R. Grand
Ann Arbor, Michigan DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
                Case Manager