UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                Plaintiff,           Civil Action No. 14-12883
v.                                              Honorable Victoria A. Roberts
                                                      Magistrate Judge David R. Grand
DANIEL HEYNS, *et al.*,

                Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR THE APPOINTMENT OF COUNSEL AND TO SEAL MEDICAL RECORDS EXHIBITS [62]

Before the Court is Plaintiff Michael Kitchen's "Ex Parte Motion for the Appointment of Counsel and to Seal Medical Records Exhibits," filed on July 20, 2015. (Doc. #62). Kitchen, who currently is an inmate at the Michigan Reformatory in Ionia, Michigan, has been permitted to proceed with his First and Fourteenth Amendment claims against seven defendants. (Doc. 63). No response was filed to Kitchen's motion, and the time for responding has now passed.

In his motion, Kitchen asks this Court to appoint counsel to represent him in the instant case "due to recent serious medical complications." (Doc. #62 at 1). In support of his motion, Kitchen submitted medical records documenting the fact that, in May 2015, he was diagnosed with shingles, a condition that he alleges is affecting his vision. (*Id.* at 2). Kitchen asks that these medical records be placed under seal[1] (*Id.* at 1), which the Court believes is appropriate. Thus, this portion of Kitchen's motion will be granted.

The Court now turns to Kitchen's request for the appointment of counsel to represent him

---

[1] It appears, however, that Kitchen did not actually submit these documents to the Clerk's Office under seal and, thus, they were docketed and made part of the public record in this case. Thus, action will need to be taken to ensure that these documents are removed from the docket, as discussed in greater detail below.

in this action.  Pursuant to 28 U.S.C. §1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1) (emphasis added).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits.  *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

In his motion, Kitchen asserts that, in late May 2015, he contracted the shingles virus, which initially infected his right eye "causing near blindness," and subsequently began to affect his vision "altogether."  (Doc. #62 at 2).  Kitchen provides documentation establishing that he was approved to wear "solar shields" full-time "due to vision complications," and asserts that he continues to experience "blurred vision and complications with his eyesight."  (*Id.* at 2-3).  Kitchen also states that, as a result of having contracted the shingles virus – which may cycle through periods of dormancy and reoccurrence – he was placed under quarantine once (during which time he was not allowed access to legal research or other materials) and could be again should his condition flare up.  (*Id.* at 3-4).

While the Court is sensitive to Kitchen's allegations regarding his condition, having considered that and other relevant factors, the Court finds that he has not shown exceptional circumstances meriting the appointment of counsel at this time.  The medical records provided by Kitchen establish that, while he was diagnosed with shingles and related vision complications in May 2015, doctors believed as early as June 2, 2015, that his vision difficulties would improve.  And, although Kitchen complained of continued eye pain and blurred vision on two occasions in June 2015, there are no records of any follow-up visits after that time.  Thus, there

is no indication that Kitchen's vision problems have worsened to such a degree that he is unable to attend to his case. The Court notes that Kitchen's type-written motion is clear and cogent, with citations to the record. Moreover, it does not appear that Kitchen's shingles virus has in fact reoccurred since May 2015, and the mere possibility that this may happen at some unspecified time *in the future* does not merit appointment of counsel *now*. Thus, the Court finds that, at this time, Kitchen has not shown exceptional circumstances warranting appointment of counsel. Should Kitchen's condition and/or vision worsen significantly over time, he may file a renewed motion for appointment of counsel, which the Court will consider. Moreover, if his condition deprives him of access to the law library in a way that negatively impacts his ability to prosecute his claims in this action, Kitchen may request an extension of the relevant deadlines.

For the foregoing reasons, Kitchen's *Ex Parte* Motion for the Appointment of Counsel and to Seal Medical Records Exhibits [**62**] is **GRANTED IN PART** to the extent it seeks to seal his medical records, and **DENIED IN PART** to the extent it seeks appointment of counsel. Should Kitchen's medical condition worsen significantly, or should his case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

**The Court Clerk is directed to place the original and any copies of Kitchen's Motion for the Appointment of Counsel and to Seal Medical Records Exhibits (Doc. #62), which contains Kitchen's medical records, under seal and not incorporate it into the regular record of this case.** These documents shall remain under seal until further order of this Court.

**IT IS SO ORDERED.**

Dated: August 20, 2015                              s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 20, 2015.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager