UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,                                    Case No. 14-12883
                                                 Honorable Victoria A. Roberts

v.

DANIEL HEYNS, *et al.*,

    Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO [Doc. 118] AND UPHOLDING THE MAGISTRATE JUDGE'S OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [Doc. 116]

Plaintiff Michael A. Kitchen ("Kitchen") filed a motion to compel discovery of various documents from Defendants Stephenson, Steece, Gambati, Hightower and Finco. On June 12, 2017, Magistrate Judge David R. Grand entered an opinion and order DENYING the motion. Kitchen timely objected; these objections are fully briefed.

When reviewing objections to a Magistrate Judge's order on a pretrial, non-dispositive issue, the Court must modify or set aside the part of the decision that is determined to be "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Circ. 2001). The "clearly erroneous" standard is only applicable to a Magistrate Judge's factual findings; the "contrary to law standard" is applicable to the Judge's legal conclusions. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-525 (E.D. Mich. 2012).

A finding is considered clearly erroneous where "although there is evidence in support, the reviewing court… is left with the definite and firm conviction that a mistake has been

1

committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). If it is possible to have two or more permissible views of evidence, then the Magistrate Judge's decision is not considered "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-574 (1985).

On the other hand, "a legal conclusion is considered contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at 2 (E.D. Mich. July 2016, 2011). Ultimately, when reviewing a Magistrate Judge's legal conclusions, the Court is required to use its independent judgment. *Id.*

Kitchen submitted a request for production of various documents. He sought: Special Problem Offender Notices, personal information about other prisoners, misconduct charges filed against other prisoners, as well as all grievances and complaints filed against Defendants. He also requested access to all emails and communications between Defendant Steece and other prison officials concerning prisoner transfers.

The Defendants objected. They said they did not have custody or control over the documents. Kitchen stated that even if the Defendants do not have custody over the requested information, they utilized the information to facilitate his transfer. Additionally, the Defendants objected to allowing Kitchen access to all emails and communications between Defendant Steece and other prison officials regarding transfers; Defendants say such communications are not relevant to the action and disclosure could jeopardize prison safety. In responding to Kitchen's request, Defendant Steece searched his emails and found no communications regarding Kitchen's transfer.

The Magistrate Judge ruled in Defendants' favor. His decision cannot be said to be either

2

clearly erroneous or contrary to law. The Magistrate Judge stated that Kitchen only provided a conclusory argument that the Defendants would have control over the documents through the Michigan Department of Corrections ("MDOC"). Specifically, Kitchen argued that when he subpoenas documents, the subpoenas are referred to the Michigan Attorney General's Office for objections. That office refers the subpoenas to defense counsel and counsel for the Attorney General. Kitchen goes on to argue that that will result in a dispute between Kitchen's attorney and defense counsel. Based on this sequence of events as Kitchen describes, Kitchen argued that the Defendants will ultimately have possession or control of the requested documents.

Magistrate Judge Grand correctly decided that Kitchen's argument failed to show actual possession or control by Defendants. In fact, Kitchen seems to understand that he must request documents from the MDOC, which he has already done.

Additionally, Magistrate Judge Grand points out that under Fed. R. Civ. P. 34, "a request for production may only seek documents or tangible things which are in the possession, custody, or control of the party upon whom the request is served." In his objections, Kitchen says: (1) "Magistrate Judge Grand's definition of "possession" or "control" is too narrow and will only result in the Defendants or the MDOC being permitted to "filibuster" Kitchen's request [Doc. 118, Pg 2]; and (2) Defendant Steece's search of his emails for communications regarding Kitchen's transfer was insufficient as a response to Kitchen's request for all emails and communications regarding prisoner transfers [Doc. 118, Pg 2].

The Court carefully reviewed the record and the case law cited in both parties' briefs as well as Magistrate Judge Grand's order. The Magistrate Judge correctly decided that Kitchen failed to show that the Defendants were in possession or control of the requested documents. As

Magistrate Judge Grand concluded, the Court is unable to order any of Kitchen's thirteen requests for production.

Moreover, the Court finds Magistrate Judge Grand appropriately decided Defendant Steece's response was sufficient. The Magistrate Judge decided that under Fed. R. Civ. P. 26(b)(1), a request for production must be proportional to the needs of the case. Kitchen's request to obtain all communications to or from Steece discussing, planning and/or seeking the transfer of any prisoner has unlimited breadth and is not proportional to the needs of the case. Defendant Steece searched his emails for responsive documents concerning Kitchen's transfer. The Judge correctly decided that this was adequate to fully comply with his discovery obligations.

Magistrate Judge Grand's decision is neither clearly erroneous nor contrary to law. The Court **OVERRULES** Kitchen's objections and **UPHOLDS** the Magistrate Judge's opinion and order.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

October 2, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Kitchen by electronic means or U.S. Mail on October 2, 2017.

s/Linda Vertriest
Deputy Clerk