UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,

v.

    Civil Action No: 14-12883
    Hon. Victoria A. Roberts

DANIEL HEYNS, *et al.*,

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECISION [Doc.137] AND UPHOLDING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS AND EXTEND DISCOVERY [Doc.136]**

**I.    Introduction**

Plaintiff Michael A. Kitchen ("Kitchen") filed a motion to enforce subpoenas requesting documents relating to grievances and transfer orders at the Michigan Department of Corrections ("MDOC"). Magistrate Judge David Grand entered an opinion and order GRANTING IN PART AND DENYING IN PART the motion. Kitchen timely objected; his objections are fully briefed.

**II.    Background**

Kitchen filed a pro se civil rights complaint against numerous defendants. On October 4, 2017, the Court conducted an on the record hearing regarding his Motion to Enforce Subpoenas and Extend Discovery. The Court required the Defendants to produce all orders authorizing Kitchen's transfer, staff meeting minutes that contain or reflect harassment/ retaliation against any prisoners by the Defendants, and documents reflecting rules and eligibility for the Violence Prevention Program ("VPP"). [Doc. 136,

1

Pg 2].The Court also stated that Kitchen may depose the "MDOC representative who is most knowledgeable of VPP generally." *Id.* Magistrate Judge Grand denied Kitchen's other requests because they sought information not relevant to the claims or defenses.

### III. Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1). A finding is "clearly erroneous" when, after reviewing the record in its entirety, the Court is left with a "definite and firm conviction that a mistake" was made. *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395(1948). When two outcomes are possible, the Court cannot reverse a magistrate judge's decision simply because it would have decided the matter differently. *See Anderson v. Bessemer City, N.C.,* 470 U.S. 564, 573–74 (1985).

### IV. Analysis

Kitchen fails to meet his burden to show that Magistrate Grand's order was clearly erroneous or contrary to law. Kitchen states two objections. First, he objects to the Magistrate's finding that the request for transfer orders for all prisoners who filed grievances for the ten-year period from 2005-2015 is not relevant and therefore, not discoverable. [Doc. 137, Pg 2]. Kitchen says that the transfer orders are relevant because they will "identify potential witnesses and information to rebut affidavits submitted by the Defendants." [Doc. 137, Pg 2].

Magistrate Judge Grand reasoned that the requested information would necessitate gathering information on individuals not involved in the transfer in question, and would allow exploration of circumstances having nothing to do with the allegations

2

in this case. [Doc 136, Pg 3]. Rule 26(b)(1) requires that discovery be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26. Magistrate Grand correctly determined the transfer orders are not discoverable, and his determination is not "clearly erroneous" or "contrary to law."

Second, Kitchen objects to the Magistrate's finding that the request for the number of grievances filed within the MDOC broken down by facility for the period of 2004-2014 is not discoverable. Kitchen says that if a low volume of grievances filed at Macomb Correctional Facility is shown, it will demonstrate that prison officials suppressed grievances by prisoners other than him. [Doc 137, Pg 3].

Magistrate Judge Grand reasoned that the requested information is overly broad and seeks irrelevant information. [Doc 136, Pg 3]. There are 30 or so prisons in MDOC and most of those facilities are not involved in this case. [Doc 127, Pg 10]. Kitchen has not convinced the Court that this request is relevant.

## V. Conclusion

Magistrate Judge Grand's decision is neither clearly erroneous nor contrary to law. The Court **OVERRULES** Kitchen's objections and **UPHOLDS** the Magistrate Judge's opinion and order.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Kitchen by electronic means or U.S. Mail on May 3, 2018.

s/Linda Vertriest
Deputy Clerk