UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,

v.

DANIEL HEYNS, et al.,

    Defendants.

_____/

Case No. 14-12883
District Judge Victoria A. Roberts
Magistrate Judge David R. Grand

**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 167); AND (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #153)**

### I. INTRODUCTION

Plaintiff Michael Kitchen ("Kitchen") brought this civil rights action under 42 U.S.C. § 1983 against Daniel Heyns and over twenty other individuals employed at various Michigan Department of Corrections facilities. The only claim that remains from Kitchen's original complaint is his retaliatory-transfer claim against Defendants Edward Hightower ("Hightower"), George Stephenson ("Stephenson"), Frank Sgambati ("Sgambati"), Kristopher Steece ("Steece"), and Thomas Finco ("Finco") (collectively, "Defendants"). Kitchen alleges that Defendants retaliated against him for filing a grievance, in violation of his First Amendment rights. The case was referred to Magistrate Judge David R. Grand.

### II. BACKGROUND

Kitchen was imprisoned at the Macomb Correctional Facility ("MCF") during the events giving rise to this litigation. Kitchen alleges that, in December 2013, $68.87 was removed from his prison account to pay for two shirts that he ordered but never

received. Kitchen further alleges that when he had not received the shirts by January 20, 2014, he filed a grievance against Hightower, asserting that Hightower "may have stolen the shirts." Kitchen says that when he had not gotten a response to his grievance by January 28, 2014, he sent a "kite" to Steece requesting an investigation into Hightower's alleged theft. Kitchen says that Sgambati and Stephenson transferred him to the Alger Correctional Facility ("LMF") the next day. Kitchen alleges that this transfer was retaliatory, because he accused Hightower of stealing the shirts. Kitchen also alleges that the transfer was done "with the knowledge, approval, or knowing acquiescence" of Finco.

### III. MOTION FOR SUMMARY JUDGMENT AND REPORT AND RECOMMENDATION

In their motion for summary judgment, Defendants argue they are entitled to: (1) qualified immunity because Kitchen failed to allege an adverse action; (2) qualified immunity because Kitchen failed to demonstrate causation; and (3) judgment because Kitchen failed to show their personal involvement.

Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment. Magistrate Judge Grand concluded that: (1) Defendants are entitled to qualified immunity; (2) Kitchen failed to raise a material question of fact concerning causation; and (3) Defendants are entitled to summary judgment because Kitchen failed to raise a material question of fact concerning whether each had the requisite level of personal involvement for § 1983 liability to attach.

Kitchen filed five objections. He argues: (1) Magistrate Judge Grand impermissibly ignored the law of the case doctrine and remand order by deciding the issue of qualified immunity in this R&R; (2) Defendants are not entitled to qualified immunity; (3) a material question of fact has been raised regarding causation; (4) Hightower, Steece, and Finco are not entitled to summary judgment; and (5) Magistrate Judge Grand unfairly viewed the evidence in the light most favorable to Defendants.

## IV. STANDARD OF REVIEW

Following proper objections, the Court engages in *de novo* review of a magistrate judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*. A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). After completing *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986).

"[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review … , absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## V. ANALYSIS

After *de novo* review of the motion for summary judgment, the R&R, Kitchen's objections, and the remainder of the record, the Court overrules Kitchen's objections.

3

## A. Kitchen's First Objection is Rejected; Magistrate Judge Grand did not Address the Issue of Qualified Immunity in his Earlier R&R

Kitchen argues that Magistrate Judge Grand violated the law of the case doctrine and remand order by finding that Defendants are entitled to qualified immunity in his latest Report and Recommendation ("R&R II").

Kitchen says that Magistrate Judge Grand rejected Defendants' qualified immunity argument in his earlier Report and Recommendation ("R&R I") on Defendants' first motion for summary judgment. Kitchen also says that the Sixth Circuit's remand is a mandate that Magistrate Judge Grand impermissibly ignored when he decided the issue of qualified immunity in R&R II. Thus, Kitchen argues that R&R I and the Sixth Circuit's remand together constitute the law of the case.

The Sixth Circuit has held that "[u]nder the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *U.S. v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The mandate rule complements the law of the case doctrine and requires lower courts "to adhere to the commands of a superior court." *Id.* (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir.1993)). Accordingly, "[u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *Id.* (citing *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir.1991)). In determining whether a finding has been

4

made for purposes of the mandate rule, the Sixth Circuit considers both its express and implied decisions. *Id.* at 1421.

In R&R I, Magistrate Judge Grand determined that Defendants were entitled to summary judgment, finding that Kitchen failed to raise a question of material fact regarding causation. Kitchen appealed to the Sixth Circuit. The Sixth Circuit vacated the grant of summary judgment and remanded the case, holding that Kitchen was entitled to conduct further discovery on causation. Kitchen argues that the Sixth Circuit's narrow remand left the remainder of R&R I intact, and thus constitutes a mandate and establishes the law of the case.

Kitchen either misrepresents or misunderstood R&R I. In that R&R, Magistrate Judge Grand analyzed the elements of a First Amendment retaliation claim and noted Kitchen's failure to raise a material question of fact on causation. Nowhere in R&R I did Magistrate Judge Grand discuss qualified immunity. This reality disposes of Kitchen's first objection, since there can be no law of the case or mandate with respect to an issue that wasn't addressed by the Magistrate Judge.

Magistrate Judge Grand did not err.

### B. Kitchen's Second Objection is Rejected; Defendants are Entitled to Qualified Immunity

Kitchen next argues that Magistrate Judge Grand erred in ruling that Defendants are entitled to qualified immunity on his First Amendment retaliation claim.

Kitchen's objection is based on his assertion that Magistrate Judge Grand mischaracterized his argument regarding the nature of the transfer. Kitchen argues that he has consistently stated that the prison transfer was intended to prevent visits from

his friends and family, but he says Magistrate Judge Grand says his argument is only that the transfer made it more difficult for friends and family to visit. Kitchen says that this distinction is significant; he says that Sixth Circuit case law conclusively establishes that a transfer intended to prevent friends and family from visiting constitutes adverse action. Kitchen's statement of Sixth Circuit precedent is incorrect.

The doctrine of qualified immunity protects governmental officials performing discretionary functions from civil liability unless their conduct violates a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant must raise the defense of qualified immunity; once he has done so, the plaintiff bears the burden to show that the defendant is not entitled to immunity. *See Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005).

The qualified immunity analysis requires a two-prong inquiry into "whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court has the discretion to decide which of the two prongs of the analysis to address first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A right is not considered clearly established under the second prong of the test unless it "has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred." *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009) (internal quotations omitted).

Kitchen cannot meet his burden because there is no clearly established constitutional right not to be transferred. The Sixth Circuit has not conclusively stated that a transfer intended to prevent friends and family from visiting constitutes adverse action. Additionally, Sixth Circuit case law is conflicting on whether a transfer making it more difficult for friends and family to visit constitutes adverse action. The Sixth Circuit has held that "[t]he district court correctly noted that a prison transfer does not constitute an adverse action simply because it makes it more difficult for friends and family to visit the prisoner." *Smith v. Weers*, No. 17-1504, 2018 WL 2087122, at *4 (6th Cir. 2018). "[W]e have held that transferring a prisoner to an 'institution [that] was located farther away from those who visited him' did not rise to the level of an adverse action." *Johnson v. Hoffner*, No. 17-2102, 2018 U.S. App. LEXIS 10139, at *1-2 (6th Cir. Apr. 20, 2018) (citing *Friedman v. Corr. Corp. of Am.,* 11 F. Appx. 467, 471 (6th Cir. 2001)).

Kitchen cites *Pasley v. Conerly*, 345 F.Appx. 981 (6th Cir. 2009) in support of his proposition that a transfer intended to prevent visitors conclusively constitutes adverse action. An examination of *Pasley* reveals that Kitchen has misinterpreted the Sixth Circuit's holding.

First, the *Pasley* Court was deciding, on appeal, whether the plaintiff's evidence of adverse action was sufficient to defeat a motion to dismiss. As such, the Sixth Circuit noted that "[r]egardless of whether Pasley can ultimately prevail on his claim, or even survive summary judgment, Pasley's pleading meets the low requirements for surviving dismissal." *Id*. at 986. Second, and most importantly, the Sixth Circuit actually held that "... Conerly's actions, as alleged by Pasley, could constitute 'adverse action'" under the precedent of this court . . . These threats could be 'capable of deterring a person of

7

ordinary firmness' from exercising protected rights, the standard for adverse action set forth in *Thaddeus-X*." *Id.* at 985. A holding that the plaintiff's allegations, if true, were sufficient to possibly establish adverse action, at the motion to dismiss stage no less, is a far cry from a holding finding that transfers intended to prevent friends and family from visiting constitute adverse action. Moreover, this holding is clearly insufficient to demonstrate that prisoners have a clearly established right to be free of retaliatory transfers of this ilk. Kitchen cites no other Sixth Circuit case law in support of his position.

Whatever the characterization, there is no clearly established constitutional right to not be transferred. Given the conflicting case law, "… a reasonable official in the defendant's position could have believed that his conduct was lawful, judged from the perspective of the reasonable official on the scene." *Cochran v. Gilliam*, 656 F.3d 300, 306 (6th Cir. 2011).

Magistrate Judge Grand properly applied the law of qualified immunity in favor of Defendants.

### C. Kitchen's Third Objection is Rejected; There is no Genuine Issue of Material Fact on Causation

Kitchen next asserts that Magistrate Judge Grand erred in finding that he did not demonstrate a genuine issue of material fact on causation. Kitchen begins by arguing that Defendants' proffered evidence amounts to no more than unsupported claims. Kitchen further argues that Magistrate Judge Grand failed to list and examine his proffered evidence.

In R&R II, Magistrate Judge Grand discusses Defendants' unambiguous sworn affidavit testimony; that testimony was corroborated by, among other things, the transfer order memorializing Kitchen's move to LCF.

Evidence amounting to sworn testimony corroborated by documentation is far from being "merely unsupported claims." Moreover, while Magistrate Judge Grand does not list Kitchen's evidence, he mentions that Kitchen's evidence failed to create a material question of fact; additionally, Judge Grand discusses how Kitchen's evidence has informed Kitchen's theory of the case. It is clear that Magistrate Judge Grand considered Kitchen's evidence. Thus, Kitchen's first two assertions are contradicted by the record.

Kitchen continues to a more in-depth discussion of his proffered evidence, including the deposition testimony of prisoner Leroy Hoskins and email evidence about his transfer. It is clear from Kitchen's brief that he misinterprets this so-called evidence.

Finally, Kitchen asserts that his email evidence shows that the transfer was initiated immediately after he filed his grievance. Even if this were true, it would be insufficient, on its own, to raise a genuine issue of material fact on causation. The Sixth Circuit held that, standing alone, "conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F.App'x 579, 579-80 (6th Cir. 2004). However, Defendants presented unrebutted testimony, discussed by Magistrate Judge Grand, that shows that the transfer process began on January 7, 2014, weeks before Kitchen filed his grievance.

Defendants presented testimony establishing that there is no genuine issue of material fact on the issue of causation. As such, Magistrate Judge Grand did not err in his finding concerning causation.

### D. Kitchen's Fourth Objection is Rejected; Kitchen Failed to Present Evidence of Personal Involvement

Kitchen next argues that Defendants Steece, Finco, and Hightower are not entitled to summary judgment on the issue of personal involvement. Kitchen says that he presented evidence sufficient to create a material question of fact. Additionally, Kitchen asserts that he would have gotten more evidence had his discovery not been unfairly denied.

For the reasons discussed above, Kitchen's evidence is insufficient to create a material question of fact on the issue of Defendants' personal involvement. Defendants' personal involvement is a prerequisite to a showing of causation. "There can be no causation where the defendant is not the decision-maker." *Smith v. Campbell,* 260 F.3d 1032, 1038 (6th Cir. 2001). Kitchen produced no evidence demonstrating the requisite level of personal involvement to demonstrate § 1983 liability.

Kitchen's objections to Magistrate Judge Grand's rulings on his discovery requests are not properly before the Court. Under Federal Rule of Civil Procedure 72(b), the filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also United States v. Raddatz*, 447 U.S. 667 (1980). Judge Grand denied Kitchen's discovery requests at an earlier point in this litigation, and did not address it in R&R II.

Kitchen's arguments would be insufficient to allow this court to review his discovery requests even if Magistrate Judge Grand had discussed them. Kitchen failed to identify how Judge Grand erred in denying his discovery. General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court must treat them as if they are waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016).

Judge Grand did not err in finding that Hightower, Steece, and Finco are entitled to summary judgment because they lacked personal involvement in the transfer.

### E. Kitchen's Fifth Objection is Rejected; Magistrate Judge Grand did not err in Failing to List Kitchen's Proffered Evidence

Finally, Kitchen argues that Magistrate Judge Grand did not view the evidence in the light most favorable to him, as is required by law at the summary judgment stage. Kitchen says that Judge Grand failed to list and examine his proffered evidence in R&R II, and that this failure demonstrates that Judge Grand could not have possibly viewed the evidence in the light most favorable to him.

Kitchen is simply wrong. Magistrate Judge Grand noted that Kitchen failed to produce evidence sufficient to raise a genuine issue of material fact about any issue. Judge Grand then discusses some of Kitchen's evidence and theories. Moreover, Judge Grand examines Defendants' evidence and discusses Kitchen's failure to provide evidence sufficient to rebut it.

## VI. CONCLUSION

The Court **ADOPTS** Magistrate Judge Grand's Report and Recommendation:

Defendants' Motion for Summary Judgment is **GRANTED**. Kitchen's claims against

Defendants are dismissed with prejudice.

**IT IS ORDERED.**

                                            S/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: September 24, 2018

> The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Kitchen by electronic means or U.S. Mail on September 24, 2018.
>
> s/Linda Vertriest
> Deputy Clerk